**Paulette Dube**

**From:** Matos, Luis (USARI) [Luis.Matos@usdoj.gov]

**Sent:** Tuesday, January 31, 2006 10:40 AM

**To:** ADRComments

**Cc:** Feder, Robin (USARI); DiGioia, Anthony (USARI); Iannotti, Michael (USARI)

**Subject:** Proposed ADR Rules

Dear David and Paulette,

I am writing to express our concern about one of the definitions in the proposed amendments to the ADR plan.

"Settlement Authority" is defined as "the individual with control of the full financial settlement resources involved in the case, including the full financial authority and ability to agree to a binding settlement authority." (Emphasis added). The proposed plan goes on to state that "[u]nless expressly excused by the judicial officer . . . all parties, counsel, . . . having full settlement authority as defined . . . shall attend all ADR conferences. . . " This statement, that the judicial officer may require someone with full settlement authority to participate, concerns us because the government is rarely in a position to have someone with control of its full financial authority at a settlement conference. Typically, our attorneys and agency counsel participate in settlement conferences and represent that their respective departments have provided them with sufficient authority to settle a case, given the particular circumstances of that matter. However, neither the representatives of this Office, nor the agency, have "control of the full financial settlement resources" of the government.

A similar issue was addressed in In re Internal Revenue Service et. al., 986 F.2d 899 (5th Cir. 1993). In that case, the Fifth Circuit analyzed the District Court's authority to require a party to have a representative with full settlement authority at pretrial conferences. The court reviewed applicable Department of Justice regulations and, while noting that the court has inherent authority to order the participation of parties at conferences, it found that the district court had abused its discretion by routinely requiring a representative of the government with ultimate settlement authority to be present at all pretrial and settlement conferences. Id., at 905.

We recognize and appreciate that the proposed rules allow the judicial officer to excuse the participation of the individual with full settlement authority from the ADR conference. However, our concern is that, as drafted, the proposed rule expects the individual to be present, unless excused. We request that the rules recognize that, where the United States is a party, a government attorney with sufficient authority to settle the case given the particular circumstances of the case may be present at all ADR conferences in lieu of an individual with full settlement authority as presently defined.

Thank you for your attention to and request for comments. If you would like to discuss this matter, please do not hesitate to contact me at (401) 709-5046.

Luis Matos

Civil Chief